### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KEVIN JOHNSON,** | : |
| Plaintiff | : |
| v. | :   Civil Action No. RWT-07-342 |
| **JON P. GALLEY,** | : |
| Defendant | : |

o0o

## MEMORANDUM OPINION

Defendant has filed a Motion to Dismiss or for Summary Judgment. Plaintiff was advised of his right to file a response in opposition to Defendant's motion. Plaintiff has also been advised of the consequences of failing to oppose Defendant's motion. However, Plaintiff has not filed any opposition to this motion. See Paper No. 12. Upon review of the papers filed, the Court finds a hearing unnecessary. See Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendant's Motion, construed as a Motion for Summary Judgment, shall be granted by a separate order.

### BACKGROUND

Plaintiff claims that on December 6, 2006, he was handcuffed and taken to a segregation property cage. Plaintiff claims he was then uncuffed and ordered to strip. Paper No. 1 at 4. After complying with the order, Plaintiff states that three officers began punching him in the face, mouth and nose. Id. Plaintiff asserts that his subsequent request for medical treatment was denied. Id.

In a letter to United States Congressman Elijah Cummings, Plaintiff claimed this assault was in retaliation for filing a federal lawsuit on November 21, 2006. Paper No. 11 at Ex. 2. The letter was forwarded to Acting Commissioner John Rowley along with a letter from Congressman Cummings requesting assistance on behalf of Plaintiff. Id. at Ex. 3. In response to the Congressman's inquiry, Commissioner Rowley requested that the Internal Investigations Unit

conduct an investigation into Plaintiff's allegations.  See id. Ex. 1, at 4.

Plaintiff was interviewed in the investigation.  Id.  Plaintiff described the assault he allegedly suffered, explained he did not know any of the officers involved, and stated that the officers were not wearing name tags.  Id. at 5.  Plaintiff provided a physical description of the three officers allegedly involved.  The investigator noted that there were no records of Plaintiff being strip searched, removed from his cell, or subjected to a property inventory on December 6, 2006.  Id.

As a part of the investigation, investigators obtained physical descriptions of all officers assigned to Plaintiff's housing unit on December 6, 2006 and working on the shift during which the assault allegedly occurred.  Id.  Only Officer Bingaman came close to matching Plaintiff's description.  Bingaman stated he remembered Plaintiff from the housing unit.  However, he did not recall anyone strip searching Plaintiff or taking him into the property room for any reason.  Id.  Bingaman also did not recall conducting a property inventory or a body search of Plaintiff during his assignment to the housing unit.  Id.

Defendant further notes that medical records from shortly after the alleged assault show that Plaintiff never complained about his alleged injuries.  Id at Ex. 4-3.  Plaintiff visited the medical department three times that year for complaints of tightness in his chest, being served fish (which he is allergic to), and having his toenails cut.  Id.

Finally, Defendant alleges that Plaintiff failed to exhaust administrative remedies before bringing this suit.  Like all the contentions in Defendant's motion, this allegation has not been opposed by Plaintiff.

**Standard of Review**

Under Federal Rule of Civil Procedure 56(c), the Court should grant summary judgement if there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. The Supreme Court has stressed that not all factual disputes will defeat the motion:

> By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial." Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). However, district courts also have an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993)).

**Analysis**

The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997(e)(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility

until such administrative remedies as are available are exhausted."  The Supreme Court has interpreted

the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  Thus, the exhaustion provision plainly extends to plaintiff's allegations of excessive force.

"[A]n inmate's failure to exhaust his administrative remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant." Anderson v. XYZ Correctional Health Services, Inc., 407 F. 3d 674, 681 (4th Cir. 2005).  Defendant has properly raised the exhaustion issue and Plaintiff has failed to refute the allegation. Paper No. 11.  Thus, the assertion that Plaintiff has failed to properly exhaust administrative remedies is an undisputed fact entitling Defendant to summary judgment in his favor.  A separate Order follows.

October 4, 2007                                        _____/s/_____
Date                                                              Roger W. Titus
                                                                  United States District Judge